# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALIXARX, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MAC RX, LLC,<br><br>    Defendant. | Case No. 25-CV-381-JPS<br><br>**ORDER** |

  In March 2025, Plaintiff AlixaRX LLC ("Plaintiff") sued Defendant MAC Rx, LLC ("MAC Rx") in this District for tortious interference of contract. *See generally* ECF No. 1. Specifically, Plaintiff claims that MAC Rx colluded with third party Bedrock HC WI LLC ("Bedrock") to replace Plaintiff as the "exclusive provider of pharmacy products and services in Bedrock's facilities throughout Wisconsin." *Id.* at 1.

  Now before the Court is MAC Rx's expedited motion to stay pending resolution of *AlixaRX v. Bedrock HC WI LLC*, No. 296-03867-2024 (296th District Court, Collin County, Texas June 19, 2024) (the "Texas Case"). ECF No. 12. Plaintiff brought the Texas Case in June 2024, asserting claims against Bedrock for breach of contract and against MAC Rx for tortious interference with Plaintiff's contract with Bedrock. ECF No. 12-3 at 3–13. Following objection from MAC Rx on personal jurisdiction grounds, Plaintiff stipulated to MAC Rx's dismissal without prejudice from the Texas Case. ECF No. 12 at 2 n.1.  The Texas court denied Plaintiff's motion for summary judgment against Bedrock, ECF No. 12-5, and the Texas case is currently set to proceed to trial in November 2025, ECF No. 12 at 2.

MAC Rx argues that the instant case should be stayed pending resolution of the Texas Case to avoid "an inefficient use of judicial and party resources." ECF No. 12 at 2. According to MAC Rx, if Plaintiff's breach of contract claim against Bedrock in the Texas Case fails at trial, then Plaintiff's tortious interference claim against MAC Rx in the instant case must necessarily fail. *Id.* ("[Plaintiff's] legal theory for tortious interference with a contract requires that Bedrock breached the same contract. That very issue is being fully litigated in Texas."). MAC Rx does not, however, cite to any legal authority in support of this assertion.

Plaintiff disputes that its "tortious interference claim in this action rises or falls with [Plaintiff's] breach of contract claim against Bedrock in" the Texas Case. ECF No. 13 at 1. According to Plaintiff, it "can recover against MAC Rx for tortious interference without proving a breach of the underlying contract." *Id.* Plaintiff represents that

> the elements of tortious interference do not require a showing of breach of the underlying agreement, and [Plaintiff] can succeed on its claim in this Court regardless of the outcome of the Texas case. [Plaintiff] must show [that] (1) it had a contract or prospective contractual relationship with a third party (here, Bedrock); (2) MAC Rx interfered with the relationship; (3) the interference was intentional; (4) a causal connection exists between the interference and [Plaintiff's] damages; and (5) MAC Rx was not justified or privileged to interfere.

*Id.* at 2 (citing *Assembly Component Sys. v. Platinum Equity, LLC*, No. 09-CV-778, 2010 U.S. Dist. LEXIS 67228, at *18–19 (E.D. Wis. July 7, 2010)).[1]

---

[1] "Federal courts deciding state law claims under diversity jurisdiction apply the forum state's choice of law rules to select the applicable state substantive law." *Selective Ins. Co. v. Target Corp.*, 845 F.3d 263, 266 (7th Cir. 2016) (citing *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014)). Neither party

Page 2 of 4
Case 2:25-cv-00381-JPS    Filed 06/03/25    Page 2 of 4    Document 14

At the outset, MAC Rx waived its argument that Plaintiff's tortious interference claim in this case rises or falls with Plaintiff's breach of contract claim in the Texas Case by failing to cite supporting authority. *Smith v. Ne. Ill. Univ.*, 388 F.3d 559, 569 (7th Cir. 2004) (citing *Tyler v. Runyon*, 70 F.3d 458, 464 (7th Cir. 1995); *Otto v. Variable Annuity Life Ins. Co.*, 134 F.3d 841, 854 (7th Cir. 1998); and *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)). In any event, Plaintiff is correct; a tortious interference with contract claim under Wisconsin law requires interference with a contract, but not necessarily a breach. *See, e.g., Sampson Invs. v. Jondex Corp.*, 499 N.W.2d 177, 184 (Wis. 1993) ("Even where there has been no breach of a contract, a plaintiff seeking to maintain a claim for tortious interference with contract must show some specific right which has been interfered with."). In other words, the primary basis for MAC Rx's motion is incorrect; Plaintiff could lose at trial against Bedrock in the Texas Case and still prevail against MAC Rx in this action. The Court will accordingly deny the motion without consideration of other stay-related factors. *See* ECF No. 12 at 3 (listing balancing factors relevant to stay analysis (citing *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) and *Woodman's Food Mkt., Inc. v. Clorox Co.*, No. 14-cv-734-slc, 2015 U.S. Dist. LEXIS 106491, at *6 (W.D. Wis. Aug. 13, 2015))).[2]

---

engaged in any choice of law analysis here. "If no party raises a choice of law issue to the district court, 'the federal court may simply apply the forum state's substantive law.'" *Id.* (quoting *McCoy*, 760 F.3d at 684). Accordingly, for purposes of this motion, the Court defaults to applying Wisconsin law to Plaintiff's tortious interference of contract claim in this case.

[2] MAC Rx's discussion of several of these additional factors is infected by its incorrect argument that the tortious interference with contract claim rises or falls with the breach of contract claim. *See* ECF No. 12 at 4.

Accordingly,

**IT IS ORDERED** that Defendant MAC Rx, LLC's expedited motion to stay, ECF No. 12, be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 4 of 4
Case 2:25-cv-00381-JPS    Filed 06/03/25    Page 4 of 4    Document 14